IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KIMBERLY HOPSON,
    Petitioner,

vs.                                             Case No. 3:07cv130/MCR/EMT

JAMES R. McDONOUGH,
    Respondent.
_____/

**O R D E R**

This cause is before the court upon Petitioner's amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 18). The filing fee has been paid (*see* Docket Entry 1).

Petitioner failed to fully complete the amended section 2254 petition form, therefore, she must again amend the petition before this action may proceed. First, Petitioner failed to provide the name and location of the court that entered the judgment of conviction/sentence under attack in this action, the date of the judgment (conviction/sentence), and the length of her sentence in response to Questions 1, 2, and 3 on the first page of the petition form as required (Doc. 18 at 1). Additionally, Petitioner failed to sufficiently complete Question 14 on the amended petition form. Question 14 requires Petitioner to state each ground on which she claims that she is being detained in violation of the Constitution or federal law, and state the facts supporting each ground (*see* Doc. 18 at 4). As Ground One, Petitioner states, "Right to Trial by Jury," and lists no information in factual support of her claim (*id.*). As Petitioner has been advised (*see* Doc. 3 at 1), this is insufficient. Petitioner may not merely list constitutional rights; she must state how each constitutional right was violated and provide facts supporting each claim. As Ground Two, Petitioner states, "Effective Attorney," and again lists no information in factual support of her claim (Doc. 18 at 4). As before, this is not sufficient. Petitioner must not allege that certain Constitutional rights were violated without explaining how each right was violated and without providing any

factual basis to support her claim. As Ground Three, Petitioner states, "Right of Timely Discovery 3, 2, Z [sic]," and notes in factual support of her claim "see court docket" (*id.* at 5). This is again insufficient. Petitioner must state how her constitutional rights were violated and provide facts supporting each claim. Finally, as Ground Four, Petitioner states, "8th Amendment," and as factual support for her claim asserts, "I [sic] points weren't counted right" (*id.*). This is not sufficient because Petitioner has not stated how her Eighth Amendment rights were violated, and she has provided no concrete facts in support of her claim. Furthermore, the court notes that Petitioner has not stated whether she raised any of the instant claims in state court (*see id.* at 4–5). Therefore, Petitioner must again amend her petition to correct these insufficiencies.

Finally, Petitioner again is advised that a petition for writ of habeas corpus may not be entertained in federal court unless she has first exhausted her state remedies. 28 U.S.C. § 2254(b)(1)(A); Castille v. Peoples, 489 U.S. 346, 349, 109 S. Ct. 1056, 1059, 103 L. Ed. 2d 380 (1989); Rose v. Lundy, 455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982); Snowden v. Singletary, 135 F.3d 732, 735 (11th Cir. 1998). The courts of Florida must be given an opportunity to consider petitioner's legal theory of a federal constitutional deficiency and the factual basis for that theory. Picard v. Connor, 404 U.S. 270, 277–78, 92 S. Ct. 509, 513, 30 L. Ed.2d 438 (1971). In order to exhaust the issue, petitioner must fairly and substantially present petitioner's claim to the state court prior to filing a petition in federal court. Castille, 489 U.S. at 351, 109 S. Ct. at 1060; Watson v. Dugger, 945 F.2d 367, 371–72 (11th Cir. 1991). "[T]he requirement of exhaustion is not satisfied by the mere statement of a federal claim in state court." Keeney v. Tamayo-Reyes, 504 U.S. 1, 10, 112 S. Ct. 1715, 1720, 118 L. Ed. 2d 318 (1992). Instead, "the petitioner [must] afford the State a full and fair opportunity to address and resolve the claim on the merits." *Id.*; *see also* Footman v. Singletary, 978 F.2d 1207, 1210–11 (11th Cir. 1992). To fully exhaust, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 1732, 144 L. Ed. 2d 1 (1999) (citing 28 U.S.C. § 2254(c)). Florida law requires either an appeal of each issue, or where a motion for post-conviction relief is appropriate, the filing of such a motion and an appeal therefrom. Leonard v. Wainwright, 601 F.2d

807, 808 (5th Cir. 1979) (citations omitted).  Failure to exhaust is proper grounds for dismissal of a federal habeas petition.  Keeney, *supra.*

In the instant case, Petitioner states she appealed her judgment of conviction but provided incorrect information concerning her appeal (Doc. 18 at 2).  In particular, Petitioner alleges she appealed to the "1 [sic] District Court of Appeal" but could not proceed on appeal "under standard rules" (*see id.*).  A search for Petitioner's case in Florida's courts of appeal reveals only two cases: Hopson v. State, 933 So. 2d 1153 (Fla. 2006) (Table) ("Hopson I") and Hopson v. McNesby, 944 So. 2d 345 (Fla. 2006) (Table) ("Hopson II").[1]  In Hopson I, the Supreme Court of Florida dismissed Petitioner's state habeas corpus petition apparently for failure to comply with Florida Rule of Appellate Procedure 9.100 (*see* Doc. 18 at 2; Doc. 1 at 7 (letter from Florida Supreme Court clerk to Petitioner regarding Rule 9.100)).  *See also* Hopson I, 933 So. 2d at 1153.  The Florida Supreme Court also dismissed Petitioner's state habeas corpus petition in Hopson II.  *See* Hopson II, 944 So. 2d at 345.  In addition, Petitioner does not state in the instant amended petition whether she raised her claims in a motion for post-conviction relief in the Florida courts (*see* Doc. 18 at 4–5).  However, the court notes that previously Petitioner indicated that she had not raised her claims in state court (*see* Doc. 1 at 4–5).  Therefore, it appears the instant habeas petition may be subject to dismissal for Petitioner's failure to exhaust her state court remedies.

Petitioner should carefully review the foregoing to determine whether she desires to proceed with this action.  If Petitioner wishes to proceed, she must file a properly completed second amended petition.  To do so, Petitioner must completely fill out a new habeas petition form, marked "Second Amended Petition."  Petitioner is advised that the amended petition must contain all of her grounds for relief, and it should not in any way refer to any earlier petition.  Petitioner must answer all questions on the form, and she must state with particularity the grounds for relief and provide factual support for each ground.  The amended petition completely replaces all previous petitions; when an amended petition is filed, all earlier petitions are disregarded.  *See* N. D. Fla. Loc. R. 15.1.  Petitioner shall also provide two (2) service copies of the amended petition in addition to the original.

---

[1] In a previous order the court cited only Hopson I (*see* Doc. 3 at 4).

Accordingly, it is **ORDERED**:

1.  The clerk shall send Petitioner a copy of the form for use in section 2254 cases. This case number should be written on the form.

2.  Petitioner shall file an amended petition as instructed in this order. Petitioner should completely fill out the new petition form, marking it "Second Amended Petition." Additionally, Petitioner shall provide two (2) service copies of the second amended petition in addition to the original.

3.  Petitioner's failure to submit the second amended petition and service copies within **THIRTY (30) DAYS** from the date of docketing of this order may result in a recommendation that this case be dismissed.

**DONE AND ORDERED** this 24th day of September 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**